**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CALIBER HOME LOANS, INC.,

        Plaintiff,

v.                                                CASE NO. 3:16-cv-1167-J-32JRK

BRADY BALES, ARIEL ACOSTA,
and CMG MORTGAGE, INC.,

        Defendants.
_____/

**TEMPORARY RESTRAINING ORDER**

**AND NOW**, this _14th_ day of September, 2016 upon consideration of the Motion of Plaintiff, Caliber Home Loans, Inc. ("Caliber") seeking the issuance of a Temporary Restraining Order and Preliminary Injunction against Defendants Brady Bales ("Bales"), Ariel Acosta ("Acosta") (Bales and Acosta collectively referred to herein as "Individual Defendants"), and CMG Mortgage, Inc. ("CMG") (Bales, Acosta, and CMG collectively referred to herein as "Defendants") (Doc. 2), following an ex parte telephone hearing with plaintiff's counsel, the record of which is incorporated by reference, and having determined that:

        1.      The rights of Caliber with respect to its confidential and proprietary information, competitive interests, relationship with its employees and existing and prospective customers, and contracts with Bales and Acosta, are being and will continue to be violated by Defendants unless Defendants are restrained from use or possession of

1

Caliber's confidential and proprietary information and from the solicitation of Caliber employees and customers;

2.  Caliber is likely to succeed on the merits of its claims and will suffer irreparable injury and loss if Bales and Acosta are permitted to continue converting Caliber's confidential and proprietary information to their own personal use and benefit and to the benefit of their new employer, CMG, and are permitted to improperly solicit Caliber's employees and customers;

3.  Defendants have failed to respond to Caliber's March 30, 2016 and August 24, 2016 demand that they cease and desist their ongoing and improper retention and use of Caliber's confidential and proprietary information and improper solicitation of Caliber employees and therefore this temporary restraining order, issued without notice, is required to preserve the status quo; and

4.  The balance of equities favors granting Caliber's Motion and it is in the public interest to grant this Temporary Restraining Order;

**IT IS HEREBY ORDERED THAT:**

1.  Plaintiff's Motion for Temporary Restraining Order (Doc. 2) is **GRANTED**. This Temporary Restraining Order issues immediately against Defendants enjoining and restraining them from, directly or indirectly, and whether alone or in concert with others, including anyone acting in concert or participation with Defendants, specifically including any agent, employee, officer, or representative of CMG, retaining and using any Caliber information, including the information Acosta took from Caliber

before and at the time of his resignation, and soliciting Caliber employees and customers, and accordingly:

  a. Defendants are ENJOINED, directly or indirectly, and whether alone or in concert with others, including anyone acting in concert or participation with Defendants, specifically including any agent, employee, officer, or representative of CMG, from soliciting and/or hiring any current Caliber employee;

  b. Defendants are ENJOINED, directly or indirectly, and whether alone or in concert with others, including anyone acting in concert or participation with Defendants, specifically including any agent, employee, officer, or representative of CMG, from soliciting current or former customers, prospects, or referral sources, who Bales and/or Acosta serviced or contacted on behalf of Caliber or whose name became known to Bales and/or Acosta in connection with their employment, and/or accepting business from Caliber's current and/or former customers, prospects, or referral sources, and/or diverting the patronage of Caliber's current or former customers or prospects, who Bales and/or Acosta serviced or contacted on behalf of Caliber or whose name became known to Bales and/or Acosta in connection with their employment at Caliber;

  c. Defendants are ORDERED to return to Caliber any and all Caliber information, whether in original, copied, computerized, handwritten, or any other form, within 48 hours of notice to Defendants or their counsel of the terms of this Order;

  d. Defendants are ENJOINED from retaining possession of, control over, or access to any Caliber information, whether in original, copied, handwritten, computerized, or electronic form (including on computer software, usb removable drive,

disk, laptop or desktop computer, tablet, iPhone or other android device, removable hard drive, and/or any other type of computer or digital information storage device) or memorialized in any other form, including cloud storage;

  e. To the extent copies of any of the materials described above have been provided to counsel for Defendants, those copies may not be destroyed, erased or otherwise made unavailable for further proceedings in this matter;

  f. Defendants are ORDERED to identify in writing within 48 hours of notice to Defendants or their counsel of the terms of this Order the type and serial numbers of any computer, server, phone, tablet, removable storage device, and/or other electronic devices owned by, provided by, and/or in the possession or control of CMG, and accessed by Bales and/or Acosta, on which Caliber information was accessed, stored, and/or downloaded.

  2. The Court's Order shall remain in full force and effect until such time as either this Court specifically orders otherwise or this Court renders a decision on Caliber's request for preliminary injunctive relief. However, defendants may move to dissolve or modify this temporary restraining order at any time pursuant to Rule 65(b), Federal Rules of Civil Procedure and the Court will promptly hear the motion to dissolve.

  3. In accordance with Rule 65(c), Federal Rules of Civil Procedure, plaintiff is required to post a bond with the Clerk of Court as security as soon as reasonably practicable in the amount of $15,000.00.

  4. This matter is **SET** for a **HEARING** before the undersigned on **September 26, 2016** at **2:00 p.m.** in Courtroom 10D, Tenth Floor, United States Courthouse, 300

North Hogan Street, Jacksonville, Florida[1] to determine whether to convert this Temporary Restraining Order to a preliminary injunction. In accordance with Local Rule 4.06(b), the hearing will be limited to argument on the motion.

5.    No later than **September 21, 2016** defendants may file and serve any responsive briefs and affidavits.

6.    Plaintiff's counsel is directed to **forthwith** serve a copy of the complaint, the motion, and this Order on each of the defendants and to file a notice of compliance when service is completed.

7.    Although the Court has found sufficient legal basis to enter this Temporary Restraining Order, the Court's decision does not reflect any final decision on the merits of the case.

**DONE AND ORDERED** at Jacksonville, Florida, at 5:10 p.m., this 14th day of September, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

Copies to

counsel of record

---

[1] All persons entering the Courthouse must present photo identification to Court Security Officers. Although cell phones, laptops and similar electronic devices are generally not permitted in the building, attorneys may bring those items with them upon presentation to Court Security Officers of proof of membership in The Florida Bar or an Order of special admission pro hac vice.

5